# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2013

No. 12-60425
Summary Calendar

Lyle W. Cayce
Clerk

LINDA BOURGEOIS,

Plaintiff-Appellant

v.

MISSISSIPPI VALLEY STATE UNIVERSITY,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No: 3:11-CV-126

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Linda Bourgeois appeals the district court's grant of summary judgment to Mississippi Valley State University ("MVSU") in this Title VII action. We AFFIRM.

## FACTS AND PROCEEDINGS

MVSU hired Bourgeois as its Director of Campus Diversity in November 2007. On January 12, 2009, Bourgeois, who is white, filed a racial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination claim against MVSU with the Equal Employment Opportunity Commission ("EEOC"), alleging that she had been discriminated against on account of her race in a number of ways, including that she was not assigned a secretary, that she was kept under surveillance by MVSU, that she was required to call her supervisor every time she left her office, and that she was issued a number of written warnings in a single day. Bourgeois and MVSU agreed to settle this claim.

On January 12, 2010, Bourgeois filed a second claim with the EEOC, alleging racial and age discrimination and retaliation. On May 31, MVSU informed Bourgeois that her contract for employment would not be renewed. This termination was part of a reduction-in-force recommended by a committee assembled by MVSU to find avenues for cost savings in light of projected budgetary shortfalls. After receiving word of this decision, Bourgeois filed a third claim with the EEOC, alleging that the non-renewal of her employment was unlawfully retaliatory. On November 23, 2010, the Civil Rights Division of the Department of Justice ("DOJ") issued right-to-sue notices with respect to Bourgeois's second and third complaints.

Bourgeois timely filed suit for racial discrimination and retaliation under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et seq.*, in Mississippi state court. MVSU then removed the case to the United States District Court for the Southern District of Mississippi. On MVSU's motion, the district court granted summary judgment against Bourgeois, finding that she had failed to plead a *prima facie* case of either discrimination or retaliation. Bourgeois appeals, challenging the district court's dismissal of her retaliation claim only.

## DISCUSSION

"We review a district court's grant of summary judgment *de novo*, applying the same legal standards as the district court." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 549 (5th Cir. 2012). Summary judgment is warranted where "there is

No. 12-60425

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting FED R. CIV. P. 56(c)). We analyze Title VII retaliation claims under the burden-shifting framework set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which requires a plaintiff first to set out a *prima facie* case of retaliation, before shifting the burden to the defendant to state a legitimate, non-discriminatory reason for its action, before finally requiring a plaintiff to show that the reason articulated by the defendant is pretext for retaliation. *See Septimus v. Univ. of Houston*, 399 F.3d 601, 607-08 (5th Cir. 2005) (applying the *McDonnell Douglas* framework in a Title VII retaliation case).

To set out a *prima facie* case of Title VII retaliation, a plaintiff must show "(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 551 (5th Cir. 2009) (quoting *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002)). The district court held that Bourgeois had failed to show that there was the requisite causal link between her EEOC complaints and her termination because the committee that recommended her termination was unaware of her prior EEOC complaints. On appeal, Bourgeois contends that this holding was in error because it was the MVSU administration, and not the committee, that made the ultimate decision to terminate her after the committee's recommendation, and MVSU was aware of her prior complaints. Even assuming for the sake of argument that Bourgeois has satisfied the causal nexus requirement of setting out a *prima facie* case of retaliation, MVSU would still be entitled to summary judgment.

Bourgeois was terminated as part of a reduction-in-force. A reduction-in-force "is itself a legitimate, nondiscriminatory reason for discharge." *E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996). The burden

No. 12-60425

therefore falls on Bourgeois to show that MVSU's reliance on the reduction-in-force to justify her termination was pretextual. "To establish pretext, [Bourgeois] must show that [MVSU's] 'proffered explanation is false or unworthy of credence.'" *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011) (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)).

The only item in the record that Bourgeois alleges shows pretext is the fact that an MVSU official she deposed, Frank Sowell, testified that he did not know why MVSU did not implement certain other budgetary reduction measures recommended by the same committee that recommended Bourgeois's dismissal. As a result, Bourgeois contends that "a jury could reasonably infer that [MVSU] is denying any knowledge of the decision to select [Bourgeois] for termination as it had no valid reason other than retaliation."

However, Sowell testified extensively as to the budgetary shortfall faced by MVSU, the causes of that shortfall, and the various actions MVSU took to remedy it, including Bourgeois's termination. He explained how Bourgeois's termination saved MVSU a significant amount of money and how her position was one of a number that was eliminated. The mere fact that he was unaware of the reason why other recommended budgetary reductions were not implemented does not show that the proffered explanation for Bourgeois's dismissal was "false or unworthy of credence." *Id.* (quoting *Laxton*, 333 F.3d at 578). Bourgeois has therefore failed to meet her burden under the *McDonnell Douglas* framework, and MVSU is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

4